U.S. v. Juan F. Perez-Gonzalez

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, | **CRIMINAL NO. 25-416(ADC)** |
| v. | |
| **JUAN F. PEREZ-GONZALEZ**, Defendant. | |



### PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **Juan F. Perez-Gonzalez**, and Defendant's counsel, Joanna Leroy, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea Agreement, the terms, and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One and Two of the Indictment:

### COUNT ONE
**Assaulting, Resisting, Impeding, and Interfering with Certain Officers**
(18 U.S.C. § 111)

On or about October 3, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

JUAN F. PEREZ-GONZALEZ,

did forcibly assault, resist, and impede a person designated in 18 U.S.C. § 1114, to wit: A.S.O., an HSI Special Agent, who was engaged in official duties, and caused physical contact. All in violation of 18 U.S.C. §§ 111(a)(1).

## COUNT TWO
### Resisting, Impeding, and Interfering with Certain Officers
(18 U.S.C. § 111)

On or about October 3, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

JUAN F. PEREZ-GONZALEZ,

did forcibly resist and impede a person designated in 18 U.S.C. § 1114, to wit: K.P.C., an HSI Special Agent, who was engaged in official duties, and inflicted bodily injury. All in violation of 18 U.S.C. §§ 111(a)(1) and (b).

However as to Count Two, Defendant is pleading guilty to the lesser included offense of Resisting and Impeding a federal officer in violation of 18 U.S.C. § 111(a)(1).

### 2. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of up to eight years, pursuant to 18 U.S.C. § 111(a)(1); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Count Two: The maximum statutory penalty for the offense charged in Count Two of the Indictment, is a term of imprisonment of up to twenty years, pursuant to 18 U.S.C. § 111(b); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

However, under this Plea Agreement Defendant will plead guilty to a lesser included ~~felony~~ offense (Resisting and Impeding a federal officer) in violation of 18 U.S.C. § 111(a)(1)). The maximum penalty for this lesser included offense is a term of imprisonment of one year, pursuant to 18 U.S.C. § 111(a)(1); a fine not to exceed one hundred thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than one year, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per ~~felony~~ count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A). *The SMA for Count Two would be $25.00.* JFPG  rc  JB

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge or a United Sates Magistrate Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that

the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE: 111(a)(1) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2A2.4 (a) | | | | | 10 |
| The offense involved physical contact pursuant to U.S.S.G. § 2A2.4(b) | | | | | +3 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -2 |
| Downward Variance for Early Acceptance of Responsibility, thereby conserving valuable judicial and prosecutorial resources | | | | | -2 |
| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 9 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |

## 8. Sentence Recommendation

As to Counts One and Two, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of time served, followed by a term of supervised release of three years.

It is agreed that Defendant may argue in favor of the application of U.S.S.G. § 4C1.1.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. Downward Variance for Early Acceptance of Responsibility

The parties have agreed to recommend at sentencing that the Court grant a two-level downward variance from the applicable sentencing guidelines in recognition of

the defendant's early acceptance of responsibility, which promotes the conservation of judicial and prosecutorial resources.

### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court in this case is within or below the Guidelines range for the total offense level of 9 calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 13. Satisfaction with Counsel

Defendant is satisfied with counsel, ~~Stephanie Torres,~~ Joanna LeRoy Esq., and asserts that counsel has rendered effective legal assistance.

### 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 15. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 18. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 19. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

## 20. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 22. Potential Impact on Immigration Status

Defendant is an alien. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

W. Stephen Muldrow
United States Attorney

_____
Jonathan L. Gottfried
Assistant U.S. Attorney
Chief, Violent Crimes Division
Dated: October 27, 2025


_____
Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Dated: October 27, 2025

_____
Joanna Leroy, Esq.
Counsel for Defendant
Dated: 10/30/25


_____
Juan F. Perez-Gonzalez
Defendant
Dated: 10/30/25

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 10-30-25

_____
Juan F. Perez-Gonzalez
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 10/30/25

_____
Joanna Leroy, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Juan F. Perez-Gonzalez admits that Defendant is guilty as charged in the Indictment and admits the following:

On October 3, 2025, Homeland Security Investigations (HSI) agents were patrolling in San Juan as part of an Immigration enforcement initiative. Agents were wearing law enforcement protective gear with agency markings.

At approximately 8:45am, Agents identified a Honda Pilot SUV that was registered to an illegal alien. Agents conducted a traffic stop and requested identification from the driver. The driver provided a passport from the Dominican Republic and a temporary Puerto Rico driver's license, both in the name of Juan F. Perez-Gonzalez.

Upon examination of the license, the agent noted that the license is of the type issued to illegal aliens under Puerto Rico law. The Agent relayed the driver's information to fellow agents for verification. While record checks were conducted, the agent inquired with Perez-Gonzalez about his legal status. Soon thereafter, records check confirmed that Perez-Gonzalez was illegally present in the United States. Perez-Gonzalez was informed by the intervening Special Agent (A.S.O.) that he was going to be placed in custody and was asked to step out of the vehicle. Perez-Gonzalez was initially compliant and cooperative. However, upon exiting the vehicle, Perez Gonzalez pushed A.S.O. causing him to fall back. Perez Gonzalez then took off running. Several agents, including K.P.C., eventually caught up to him and tried to

arrest him, but Perez-Gonzalez continued to resist. He was eventually arrested and taken into custody.

After waiving his Miranda rights, Perez-Gonzalez admitted that he entered the United States illegally in a Yola vessel on or about February of 2021. He further admitted that, after being informed he was under arrest, he panicked, exited the vehicle, and pushed an agent in an attempt to flee. He stated that he ran until agents caught up to him, placed him on the ground, and arrested him.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Perez-Gonzalez's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant is guilty as charged in the Indictment.

Discovery was timely made available to Defendant for review.

Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Dated: October 27, 2025

Joanna Leroy, Esq.
Counsel for Defendant
Dated: 10/30/25

Juan F. Perez-Gonzalez
Defendant
Dated: 10-30-25